UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

TONY WOODBERRY,

    Plaintiff,

v.

IMPERIAL STONE, CORP,
a Florida profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, TONY WOODBERRY ("Mr. Woodberry" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from IMPERIAL STONE, CORP, a Florida profit corporation, ("Imperial Stone" or "Defendant") back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

1.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

### PARTIES AND VENUE

2.    At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

3. Plaintiff worked for Defendant in Broward County, Florida, and the venue, therefore, for this case is the Fort Lauderdale Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated FMLA time off to care for his own serious health condition as defined by the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Woodberry worked as a Warehouse Associate for Defendant from December 27, 2017, until his termination on March 5, 2019.

8. During his tenure, Mr. Woodberry was an excellent employee with no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. On November 10, 2018, Mr. Woodberry sustained a serious injury to his lower extremities as a result of a car accident.

10. On November 10, 2018, Mr. Woodberry called his supervisor to inform him of his hospitalization and need for time off to recover.

11. On December 28, 2018, Mr. Woodberry became eligible for FMLA protection as he reached his one (1) year anniversary with Defendant, but was never advised of same.

12. Defendant never advised Mr. Woodberry that if he did not return to work within a certain time, that he could lose his job.

13. Had Defendant notified Plaintiff of his FMLA entitlements and rights, Plaintiff would have been able to timely return to work with Defendant within the allotted twelve (12) weeks permitted by the FMLA.

14. Defendant never apprised Plaintiff of his FMLA rights, and never provided him with FMLA paperwork or FMLA certification forms or a deadline to return to work from his injury.

15. On February 25, 2019, Mr. Woodberry notified management that he was physically fit to return to work.

16. On February 26, 2019, Mr. Woodberry returned to work and was informed for the first time that he needed to provide proper medical documentation/clearance and submit to a drug test.

17. Mr. Woodberry questioned/objected why he wasn't informed about bringing medical documentation previously, as he would have had same prepared and ready upon his return.

18. Immediately, Mr. Woodberry scheduled the first available appointment with his medical provider to obtain the required medical clearance and to submit to the drug test; he notified Defendant of his actions in so doing.

19. On March 5, 2019, just seven (7) days after being requested to provide medical documentation, Defendant terminated Mr. Woodberry for failing to timely provide the requested documentation and drug test.

20. Mr. Woodberry was terminated for necessitating medical leave time to recover from his serious medical condition which should have been FMLA protected, and in retaliation for necessitating FMLA leave.

21. Defendant interfered with Plaintiff's FMLA rights by failing to notify him of his entitlement to same, and any restrictions regarding his timing/need to return to work within a specified deadline.

22. Defendant's reason for terminating Plaintiff, for failing to provide medical documentation, is directly related to Defendant's failure to properly advise Mr. Woodberry of his FMLA rights.

23. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

24. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

25. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for his use of what should have been protected FMLA leave Defendant's actions likewise constitute FMLA retaliation.

26. The timing of Plaintiff's medical leave, which should have been FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

27. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights, and by failing to notify him of his entitlement to same.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. As a result of Defendant's willful and unlawful acts of interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of what should have been FMLA protected leave.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take what should have been approved leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 13th day of November 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Alexander Harne, Esq.
Florida Bar No. 0126932
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

Email: noah@floridaovertimelawyer.com
aharne@floridaovertimelawyer.com
*Attorneys for Plaintiff*